SAMUEL REDDING, EX'R, *v.* MARY ALSOP, ETC.

**Wills—Specific Devise of Land and Subsequent Sale by Testator—Presumptive Ademption—Prima Facie Presumption May be Repelled by Proof.**

"It is my desire that after the payment of my debts and said legacy, all the remaining part of my estate, in the state of Mississippi, both real and personal, be sold by my executor and converted into money, and said money be applied by my executor to buy land in the state of Ohio for Mary and her six children." After the publication of the will the testator sold the most of the property devised to Mary, himself, and took notes therefor with a lien on the land. The executor collected the notes and claims that the sale by the executor was a revocation of the devise. Held, that a specific devise of land and a subsequent sale of the land by the testator and an appropriation of the proceeds to his own use, nothing else appearing, would be a presumptive ademption of the devise. But that prima facie presumption may be repelled by extrinsic proof that a revocation of the devise was not intended. Nothing but the power to sell was devised to the executor, and nothing but the proceeds of the sale was bequeathed to the testator's children and their mother. The bequest to them was a demonstrative legacy, not revocable by a mere ademption of the security.

APPEAL FROM WASHINGTON CIRCUIT COURT.

December 21, 1870.

OPINION BY JUDGE PRYOR:

Jesse Alsop, a citizen of Washington County, Kentucky, owning a large estate, real and personal, in the State of Mississippi, on the 2nd of January, 1856, published his last will whereby, among other things, leaving no legitimate descendants, but a colored woman and children recognized by him as his. He made the following provisions for their benefit, after payment of his debts and a legacy of two thousand dollars to a nephew.

"It is my will and desire that after payment of my debts and said legacy, all the remaining part of my estate in the State of Mississippi, both real and personal, be sold by my executors and converted into money as soon as practicable at such time and on such conditions as my executor may think best for the interest of my estate, and said money to be applied by my executor to buy land and real estate in the state of Ohio, for Mary

and her six children, that is Virginia, Malina, Ann (called Puss), Mortimer, Sam, Cleo and Elizabeth, whom I have heretofore emancipated and set free in said State of Ohio and who now resides in Clearmont county, Ohio, and that I may not be misunderstood it is my will and intention, that after all my just debts are paid and the before mentioned legacy, the estate I own in Yazoo and Madison counties in the State of Mississippi or in any other county in said State of Mississippi shall be converted into money, and the money invested in lands and other real estate in the State of Ohio by my executor, the same to be conveyed to the said Mary and her six children above named equally the portion conveyed to Mary to go to her six children or their heirs equally after her death, and I do hope that my executor or whoever may act in that capacity should the executor appointed by me die or fail to act, carry out my wishes in this clause of my will, as it is the great desire of my heart."

The will nominated Samuel Redding executor and also bequeathed to him all the testator's estate in Kentucky.

After the publication of the will the testator himself sold the most of his estate in Mississippi and took promisory notes secured on the land sold. Redding, as executor, afterwards made settlements in Mississippi by which he was adjudged indebted to the estate $11,735.29, but Redding, claiming that as the notes were in Kentucky where the testator died in September, 1856, he, himself, was entitled as legatee to the amount collected on them, faild to apply any portion of it to the use of the colored legatee and in this suit brought by them to enforce payment to their use, they obtained judgment for the amount found due by the Mississippi settlement. The appeal from that judgment involves two principle questions for revision. First—the sufficiency of the petition; second—the alleged ademption of the legacy by the sale of the lands in Mississippi by the testator after the publication of his will. Neither of these grounds is sufficient to authorize a reversal.

First. The objection to the petition is that it does not show that the debts and such legacy had been paid nor that any thing or how much remained in the hands of the executor.

It alleges the settlement and that the balance was, as before stated, and that settlement implies that the debts and legacy had

been paid and allowance made for them. Had there been any substantial defect in the petition the answer, not denying the settlement or adjudged balance, claims that admitted balance under the legacy to Redding and does not pretend that either the legacy of $2,000.00 or any debt remained unpaid. Moreover the proof admissible under the petition, establishes all the essential facts as litigated on the petition and answer and shows among other things, a receipt for the legacy of $2,000.00 as paid before the settlement and of course out of the Mississippi land as directed by the will. It is therefore too late now to claim that legacy as a credit on the balance adjudged on the settlement.

Second. A specific devise of land and a subsequent sale of the land by the testator and an appropriation of the proceeds to his own use, nothing else appearing, would be a presumptive ademption of the devise. But that prima facie presumption may be repelled by extrinsic proof that a revocation of the devise was not intended. Waiving the question whether the devise in that case was specific there can be no doubt that the title to the Mississippi land was not devised but remained in the testator until he sold and conveyed it. Nothing but a power to sell was devised to the executor, and nothing but the proceeds of sale was bequeathed to the testator's children and their mother. The bequest to them was a demonstrative legacy not revocable by a mere ademption of the security. If there was any ademption at all, it was only of the executorial power to sell the land, and the testator thought fit to supercede that power in his representative and exercise it herself, not for the purpose of revoking his provision for the appellees, but for the evident purpose of securing its application in a mode more satisfactory to himself and safe to them. And the spirit of the will and parental purpose of the father will not allow a doubt that he never intended to revoke his legacy to his children, and leaving them destitute, and let the greater portion of his estate go undevised to comparative strangers, pretermitted, in his will. There was therefore no ademption. Upon the whole, it seems to this court, Judge Hardin not sitting, that the decree of the circuit court is right, and therefore the judgment is affirmed.

*Hays & Brown, Harrison*, for appellant.

*Harwood*, for appellee.